J. A10007/17

2017 PA Super 297

| | | |
|---|---|---|
| SAFE AUTO INSURANCE COMPANY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RENE ORIENTAL-GUILLERMO, RACHEL | : | |
| DIXON, PRISCILA JIMENEZ, LUIS | : | |
| JIMENEZ, ALLI LICONA AVILA AND IRIS | : | |
| VELAZQUEZ | : | |
| | : | |
| APPEAL OF: PRISCILA JIMENEZ & LUIS | : | |
| JIMENEZ | : | |
| | : | No. 3226 EDA 2016 |

Appeal from the Order Entered September 13, 2016
In the Court of Common Pleas of Lehigh County
Civil Division at No(s): 2015-C-1547

BEFORE: DUBOW, J., SOLANO, J., and FORD ELLIOTT, P.J.E.

OPINION BY DUBOW, J.:                    **FILED SEPTEMBER 18, 2017**

This appeal arises from the Declaratory Judgment Action that Appellee,

Safe Auto Insurance Company ("Safe Auto"), filed in Lehigh County. The

trial court granted Safe Auto's Motion for Summary Judgment, finding that

Safe Auto was not obligated to provide insurance coverage to Rachel Dixon

("Dixon") because Dixon was driving the policyholder's car and the

policyholder did not list her as a driver on his automobile insurance policy

("Safe Auto Policy"). Appellants, Priscila Jimenez and Luis Jimenez,

appealed. After careful review, we affirm.

The undisputed facts and procedural history, as gleaned from the

Certified Record, are as follows. On April 29, 2013, Dixon and another

driver were involved in a two-car motor vehicle accident in Allentown, Pennsylvania.

Appellant Priscila Jimenez, the passenger in the other vehicle, filed a separate personal injury lawsuit seeking damages against three individuals: Dixon, the owner of the car that Dixon was driving, and the driver of the other car involved in the accident.[1]

Dixon was driving a car that her boyfriend, Rene Oriental-Guillermo, (the "Policyholder") owned. He insured his car through Safe Auto. The Safe Auto Policy had an Unlisted Resident Driver Exclusion, which specifically excluded from coverage those individuals who lived with the Policyholder, but were not related to the policyholder and whom the Policyholder did not specifically list on the Policy ("Unlisted Resident Driver Exclusion"). In this case, Dixon lived with the Policyholder, but was not related to him and was not specifically listed as a driver of the Policyholder's car on his Policy.

On May 13, 2015, Safe Auto filed the instant Complaint, seeking a declaration regarding the enforceability of the Unlisted Resident Driver Exclusion. On March 4, 2016, Appellants filed an Answer with New Matter and Counterclaim to the Complaint.[2]

---

[1] *See* Lehigh County Case No. 2015-C-1078.

[2] The remaining defendants did not file Answers to Safe Auto's Complaint.

On May 24, 2016, Safe Auto filed a Motion for Summary Judgment, to which Appellants filed a Response on June 27, 2016.[3] Following a hearing on the motion, on September 13, 2016, the trial court granted Safe Auto's motion. The trial court found that because Dixon lived with the Policyholder, Dixon was not related to the Policyholder, and the Policyholder did not list Dixon as a member of his household on the Safe Auto Policy, the Unlisted Resident Driver Exclusion applied and Safe Auto had no duty to defend or indemnify Dixon in Appellant's personal injury lawsuit.

Appellants timely appealed. Both Appellants and the trial court complied with Pa.R.A.P. 1925.

Appellants raise the following four issues on appeal:

1. Did the [t]rial [c]ourt err as a matter of law in finding that [Safe Auto] had no duty to defend and indemnify under the Personal Auto Policy in question?

2. Did the [t]rial [c]ourt err as a matter of law in finding that the provisions of the Personal Auto Policy limiting coverage to named drivers only was valid and enforceable?

3. Did the [t]rial [c]ourt err as a matter of law in finding that the provisions of the Personal Auto Policy limiting coverage to listed drivers was not violative of the Pennsylvania Motor Vehicle Financial Responsibility Law [("MVFRL")], 75 Pa.C.S.[] § 1701 *et seq.*?

4. Did the [t]rial [c]ourt err as a matter of law in finding that the provisions of the Personal Auto Policy limiting

---

[3] The remaining defendants did not file Responses to Safe Auto's Motion. Accordingly, the trial court entered Summary Judgment against them on June 30, 2016.

coverage to listed drivers was not violative of the public policy of the Commonwealth of Pennsylvania?

Appellants' Brief at 4-5.

Appellants' issues are interrelated; therefore, we first address whether the trial court properly found that the Unlisted Resident Driver Exclusion applied to the facts of this case. We then address Appellants' other argument that the exclusion is unenforceable because it violates the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. 7501 et seq. ("MVFRL") and public policy of the Commonwealth of Pennsylvania.[4]

**Standard of Review**

We review orders granting summary judgment under a familiar standard.

> Summary judgment is proper only when the pleadings, depositions, answers to interrogatories, admissions and affidavits and other materials demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

**Wall Rose Mut. Ins. Co. v. Manross**, 939 A.2d 958, 962 (Pa. Super. 2007) (citations omitted).

---

[4] We note that Appellants' Brief is more in the nature of a response to a motion for summary judgment than an appellate brief, and in many places is a verbatim reproduction of the arguments they put forth to the trial court in opposition to Appellee's Motion for Summary Judgment.

When considering an order granting summary judgment in the context of a declaratory judgment action, our scope of review is plenary. ***Kvaerner Metals Division of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.***, 908 A.2d 888, 895 (Pa. 2006). We will reverse the order of the trial court only if we find that an error of law or an abuse of discretion has occurred. ***Id***. "The test is not whether we would have reached the same result on the evidence presented, but whether the trial court's conclusion can reasonably be drawn from the evidence." ***Nationwide Mut. Ins. Co. v. Cummings***, 652 A.2d 1338, 1341 (Pa. Super. 1994).

### Unlisted Resident Driver Exclusion in Safe Auto Policy

We must first address whether the trial court properly found that the Unlisted Resident Driver Exclusion in the Safe Auto Policy was unambiguous and did not require Safe Auto to provide coverage in this case.

The interpretation of an insurance policy raises a question of law for the court. ***Id.*** "[W]here the language of an insurance contract is clear and unambiguous, a court is required to give effect to that language[,]" except if it violates public policy. ***Id.*** (citations omitted). Whether a provision of an insurance policy is void as against public policy presents this Court with a purely legal question; thus "our scope of review is plenary and our standard of review is *de novo*." ***Generette v. Donegal Mut. Ins. Co.***, 957 A.2d 1180, 1189 (Pa. 2008).

In this case, the Unlisted Resident Driver Exclusion excludes from coverage non-relatives of the policyholder who drive the policyholder's car, live in the policyholder's household, and who the policyholder does not list as an additional driver:

> PART 1 – LIABILITY COVERAGE, EXCLUSIONS, LIABILITY COVERAGE AND OUR DUTY TO DEFENDANT DO NOT APPLY TO BODILY INJURY OR PROPERTY DAMAGES:
>
> 1.  That occurs while your covered auto is being operated by a resident of your household or by a regular user of your covered auto, unless that person is listed as an additional driver on the Declarations page . . . .

Safe Auto Policy, 1/5/13.

The trial court noted that "the exclusionary language in the insurance policy between [Safe Auto] and [the Policyholder] is unambiguous, and [ ] Defendant Dixon is not a listed driver of the subject vehicle under the policy[.]" *Id.* at 9. The trial court further found that no issue of material fact existed as to the terms and scope of coverage provided in the Policyholder's policy and concluded that Safe Auto did not have a duty to indemnify or defend Dixon. *Id.*

We agree. The policy language is unambiguous. Also, there is no dispute that Dixon lived with Policyholder, but is unrelated to him, and he did not list her as an additional driver on his policy. Therefore, the trial court properly found that the exclusion applied and Safe Auto was not obligated to defend Dixon.

**The Unlisted Resident Driver Exclusion Does Not Contravene the Specific Language of the MVFRL or Violate Public Policy.**

The Appellant argues next that the Unlisted Resident Driver Exclusion violates the language of the MVFRL and public policy and is, therefore, unenforceable.

Only when it is clear that a contract is contrary to public policy should the courts refuse to enforce it.

> It is only when a given policy is so obviously for or against the public health, safety, morals or welfare that there is a virtual unanimity of opinion in regard to it, that a court may constitute itself the voice of the community in so declaring that the contract is against public policy.

*Eichelman v. Nationwide Ins. Co.*, 711 A.2d 1006, 1008 (Pa. 1998) (citation omitted).

As our Supreme Court explained, the courts should hesitate to find contracts contrary to public policy. Rather,

> [p]ublic policy is to be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interest. As the term "public policy" is vague, there must be found definite indications in the law of the sovereignty to justify the invalidation of a contract as contrary to that policy.... Only dominant public policy would justify such action. **In the absence of a plain indication of that policy through long governmental practice or statutory enactments, or of violations of obvious ethical or moral standards, the Court should not assume to declare contracts . . . contrary to public policy.** The courts must be content to await legislative action.

*Hall v. Amica Mut. Ins. Co.*, 648 A.2d 755, 760 (Pa. 1994) (quoting *Muschany v. United States*, 324 U.S. 49, 66-67 (1945) (emphasis added)).

With these principles in mind, we consider Appellants' argument that the Unlisted Resident Driver Exclusion violates the public policy expressed in the MVFRL. In their first argument, Appellants argue that the Unlisted Resident Driver Exclusion contravenes the MVFRL's mandate that an owner of a motor vehicle ensure that all drivers of his vehicle are covered by insurance. Appellants' Brief at 18. This argument actually supports the trial court's interpretation of the Unlisted Resident Driver Exclusion.

The provision upon which the Appellants rely places the obligation on the owner of a vehicle, and not the insurance company, to ensure that anyone who drives the owner's car has insurance. In other words, an owner of a car should only permit another person to drive his car if that driver has insurance:

> **Operation of a motor vehicle without required financial responsibility.—**
>
> **Any owner of a motor vehicle** for which the existence of financial responsibility is a requirement for its legal operation **shall not** operate the motor vehicle or **permit it to be operated upon a highway of this Commonwealth without the financial responsibility required by this chapter**.

75 P.S. § 1786(f) (emphasis added).

This provision does not provide, as Appellants argue, that if the owner of a car allows someone to drive his car who does not have insurance and the driver is in accident, then the owner's insurance company is automatically responsible for providing insurance to the otherwise uninsured driver. Such an interpretation would shift to the insurance company unidentified risks and there is no provision in the MVFRL that indicates that the legislature, when it enacted the MVFRL, intended to shift the risk to insurance companies to insure unidentified individuals who live with the insured, but are not related to the insured.

In this case, the Policyholder failed to identify Dixon as a non-relative resident living in his household who was driving his car. Thus, he failed to meet the obligation of section 75 P.S. § 1786(f) that requires him to ensure that a driver of his car had insurance. We, therefore, reject the argument that the Unlisted Resident Driver Exclusion is contrary to the policy set forth in the MVFRL.

Appellants next argue that the Unlisted Resident Driver Exclusion is contrary to the MVFRL by analogizing it to a "Named Driver Only Exclusion." Appellants' Brief at 15. The "Named Driver Exclusion" provision, however, permits a policyholder, in certain instances, to exclude from his policy certain individuals for whom the policyholder does not want to provide coverage:

> **(c) Named Driver Exclusion.-** An insurer or the first named insured may exclude any person or his personal representative from benefits under a policy enumerated in section 1711 or 1712 when any of the following apply:
>
>> (1) The person is excluded from coverage while operating a motor vehicle in accordance with the act of June 5, 1968 (P.L. 140, No. 78), relating to the writing, cancellation of[,] or refusal to renew policies of automobile insurance.

75 P.S. § 1718(c).

More specifically, Appellants argue that the public policy behind the Named Party Exclusion provision is that the insurance company must insure every individual who uses an insured's vehicle unless the insured specifically asks the insurance company not to provide coverage for that driver. Appellants' Brief at 15-16, 19-27. Appellants rely on **Byong Suk An v. Victoria Fire & Cas. Co.**, 113 A.3d 1283 (Pa. Super. 2015) in which this court upheld the enforceability of a Named Driver Exclusion, concluding that permitting an insured to determine which members of his household the insured must insure did not violate the public policy benefits of encouraging the provision of low-cost, affordable policies to insureds, and the concomitant reduction of risk to insurers. **An**, 113 A.3d at 1292.

We disagree with Appellant's interpretation of the policy implications supporting the Named Driver Exclusion. Rather, we conclude that the policy implications of the Named Driver Exclusion are actually consistent with the policy implications of Unlisted Resident Driver Exclusion. In both cases, the insured, in certain instances, determines those drivers of the insured's car

for which the insured will purchase insurance. If the insured chooses not to purchase insurance for those drivers of his car, the insurance company is not required to provide insurance.

This principle is consistent with the MVFRL in which the legislature chose to put the burden on the insured to make sure that individuals who drive the insured's vehicle have insurance. **See** 75 Pa.C.S. 1786(f). This makes sense because the insured is in a much better position than the insurance company to identify the persons who will drive his car.

Last, Appellants argue that the Unlisted Resident Driver Exclusion is void against public policy because it undermines "the goal of maximum feasible restoration to accident victims[.]" Appellants' Brief at 11. Appellants base this argument only on the concurrences issued in **Williams v. GEICO Gov't Employees Ins. Co.**, 32 A.3d 1195 (Pa. 2011), which proposed that this goal is an equally important purpose of the law. Appellant's Brief at 11-14.

We note first that Appellants' reliance upon concurrences, rather than the majority decision in **Williams**, limits its precedential value and persuasiveness. Moreover, the goal of maximum feasible restoration to accident victims is just one of many goals of the MVFRL.

We agree with the trial court's analysis in this case. The trial court observed that the settled public policy goal of the MVFRL is to encourage vehicle owners to obtain proper insurance coverage for themselves and the

people they anticipate will be operating the insured vehicle. Trial Ct. Op., 9/13/16, at 8-9. The court further noted that the duty to obtain and maintain insurance lies with insureds, not with insurers. *Id.* (citing 75 Pa.C.S. §§ 1547(a), 1786(f)). The court concluded that Appellants' "argument is inconsistent with that policy rationale because it shifts the burden from the insured to the insurer." *Id.*

We agree. The MVFRL does not anticipate always shifting the burden on insurance companies to discover the identities of resident, non-family member insureds, who have access to an insured's vehicle; that is a burden more appropriately placed in the hands of the insured. For the foregoing reasons, Appellants' public policy arguments fail.

Having concluded that Appellants' public policy arguments lack merit, and noting that there are no issues of material fact with respect to Safe Auto's coverage obligation under the Policyholder's policy, we agree with the trial court's conclusion that Safe Auto is entitled to judgment as a matter of law.

Order affirmed.

Judge Solano joins the Opinion.

PJE Ford Elliott files a Dissenting Opinion.

J. A10007/17

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/18/2017