J-A16007-23

2023 PA Super 253

| | | |
|---|---|---|
| NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELVIA CASTANEDA AND CHRISTINA TAPIA CASTANEDA | : | No. 1030 MDA 2022 |
| | : | |
| Appellants | : | |

Appeal from the Order Entered July 14, 2022
In the Court of Common Pleas of Dauphin County
Civil Division at No(s): 2019-CV-04983-CV

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and McCAFFERY, J.

OPINION BY PANELLA, P.J.:                    **FILED: DECEMBER 5, 2023**

Christina Tapia Castaneda[1] was driving her mother's car, with her mother's permission but without a valid driver's license, when she was rear ended by another car. Christina suffered severe injuries in the accident. Because Christina's mother had an insurance policy ("the Policy") covering the vehicle, Christina submitted a claim for first party medical expense benefits to the insurer, Nationwide Property and Casualty Insurance Company. Nationwide denied the claim. It maintained it had no duty to cover Christina's medical expenses under the unlicensed driver exclusion contained in the

---

[1] While the appellant's first name is spelled as both Christina and Cristina in various filings, we will follow the spelling of the name used in the caption.

Policy. Nationwide eventually sought a declaration and judgment on the pleadings from the Court of Common Pleas of Dauphin County that it was not obligated to pay first party medical benefits to Christina under this exclusion.

The trial court agreed with Nationwide that Nationwide did not have an obligation to pay the benefits to Christina under the unlicensed driver exclusion in the Policy and issued a judgment on the pleadings in favor of Nationwide. Christina argues on appeal that the court erred by finding the unlicensed driver exclusion relieved Nationwide of its obligation to pay for her medical expenses sustained in the accident. According to Christina, the unlicensed driver exclusion is not valid under the Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa. C.S.A. §§ 1701-1799.7, when that exclusion is applied in the context of statutorily-mandated first party medical expense benefits. We agree the exclusion is not valid in such a context, and we therefore also agree that the trial court erred by entering judgment on the pleadings in favor of Nationwide. We reverse, and remand for proceedings consistent with this opinion.

This Court's review of an order granting a motion for judgment on the pleadings is plenary, and we apply the same standard as the trial court. **See Southwestern Energy Production Co. v. Forest Resources, LLC**, 83 A.3d 177, 185 (Pa. Super. 2013). When considering a motion for judgment on the pleadings, a trial court must look only to the pleadings and relevant documents and must accept as true all well pleaded statements of fact,

admissions, and any documents to the pleadings presented by the party against whom the motion is filed. *See id.* We will affirm the trial court's order granting a motion for judgment on the pleadings only when the "moving party's right to succeed is certain and the case is so free from doubt that [a] trial would clearly be a fruitless exercise." *Id.* (citation omitted).

Applying that standard here, we look first to the pleadings and note that the "parties agree to the following facts as set forth in the pleadings[.]" Trial Court Opinion, 7/14/2022, at 2. On January 15, 2019, Christina was driving a 2002 Toyota Sienna owned by her mother. Christina was driving the Sienna with her mother's permission, and her mother was a passenger in the car. The Sienna was rear ended by another vehicle, and Christina suffered serious injuries as a result of the accident.

The Sienna was covered by the Policy, which Christina's mother had purchased from Nationwide and Nationwide had issued to Christina's mother as the policyholder. At the time of the accident, Christina was not licensed to operate a motor vehicle by the Commonwealth of Pennsylvania and "she was not the named insured on any policy providing first party benefits coverage; nor was she an insured on any policy other than the Policy providing first party benefits coverage." *Id.* Christina also did not regularly reside with her mother.

Christina submitted a claim for first party medical expense benefits under the Policy, which covers first party medical expense benefits up to $10,000 for a person driving with the permission of a policyholder. Nationwide

denied the claim. The denial was based solely on the Policy's Exclusion 14

("unlicensed driver exclusion"), which states in relevant part:

> **Coverage exclusions:**
>
> **We** will not pay First Party Benefits in certain circumstances, as follows:
> …
>
> 14. There is no coverage from the use of any **motor vehicle** which any **insured:**
>
>> a) uses without a reasonable belief of being entitled to do so;
>>
>> b) has stolen; or
>>
>> c) knows to have been stolen.
>
> An **insured** shall not be held to have a reasonable belief of being entitled to operate a **motor vehicle** if that person's license has been suspended, revoked, or never issued.
>
> This exclusion does not apply to the use of **your auto** by:
>
>> a) **you**;
>>
>> b) a **relative**; or
>>
>> c) a business partner, employee, or agent of **you** or a **relative**.

Complaint, Exhibit A at F3-F4 (emphasis in original).

"Relative" is defined by the Policy to be a "person who regularly resides in **your** household and who is related to **you** by blood, marriage or adoption." *Id.* at D1 (emphasis in original). As Christina did not regularly reside with her mother, she was not a "relative" as defined by the policy. Accordingly,

Nationwide found the exclusion applied to Christina's claim, and denied her coverage for first party medical expenses on that basis.

Christina requested that Nationwide reconsider the denial of her claim. Essentially, Christina argued that the unlicensed driver exclusion was invalid under the MVFRL as it was not one of the exclusions listed in Section 1718 of the MVFRL, which provides an enumerated list of persons who will be excluded from coverage of first party benefits:

> **(a) General Rule.--**An insurer shall exclude from benefits any insured, or his personal representative, under a policy enumerated in section 1711 (relating to required benefits) or 1712 (relating to availability of benefits), when the conduct of the insured contributed to the injury sustained by the insured in any of the following ways:
>
> > (1) While intentionally injuring himself or another or attempting to intentionally injure himself or another.
> >
> > (2) While committing a felony.
> >
> > (3) While seeking to elude lawful apprehension or arrest by a law enforcement official.
>
> **(b) Conversion of vehicle.—**A person who knowingly converts a motor vehicle is ineligible to receive first party benefits from any source other than a policy of insurance under which he is an insured for any injury arising out of the maintenance or use of the converted vehicle.
>
> **(c) Named driver exclusion.—**An insurer or the first named insured may exclude any person or his personal representative from benefits under a policy enumerated in section 1711 or 1712 when any of the following apply:
>
> > (1) The person is excluded from coverage while operating a motor vehicle in accordance with the act of June 5, 1968 (P.L.140, No. 78), relating to the writing, cancellation of or refusal to renew policies of automobile insurance.

> (2) The first named insured has requested that the person be excluded from coverage while operating a motor vehicle. This paragraph shall only apply if the excluded person is insured on another policy of motor vehicle liability insurance.

75 Pa.C.S.A. § 1718 (footnote omitted).

Nationwide filed a complaint requesting declaratory relief in the form of a judgment declaring that the unlicensed driver exclusion it relied upon to deny Christina first party benefits was valid and enforceable under the MVFRL. It averred in its complaint that although Section 1718 sets out a list of exclusions for first party benefits' coverage which does not include an unlicensed driver exclusion, this statutory list is not exhaustive and does not bar insurers from incorporating other valid exclusions to the recovery of first party benefits in their policies. Nationwide maintained that the unlicensed driver exclusion was valid, and it had properly denied benefits to Christina under this exclusion as she was undisputedly driving without a license at the time of the accident.

Christina filed an answer with new matter. She also filed a class-action counterclaim, requesting, individually and on behalf of a putative class, a judgment declaring that the unlicensed driver exclusion violated the MVFRL and public policy when applied to claims for first party medical expenses and

therefore, that any coverage denial for those expenses under the exclusion was improper.[2]

Nationwide filed a motion for judgment on the pleadings, averring that it was entitled to judgment as a matter of law. The trial court agreed with Nationwide, explaining:

> [Christina argues that] exclusions must be explicitly included in the [limited set of circumstances prescribed by the legislature for exclusion of first party medical expense coverage in Section 1718] to be valid and because unlicensed drivers, otherwise insured under a policy, have not been statutorily excluded under the MVFRL, they cannot be excluded by an insurer. This Court disagrees.
>
> Nationwide accurately points out that Section 1718 does not contain an exhaustive list of permitted first party benefit exclusions. Rather, it identifies a number of circumstances where an insurer shall exclude benefits, and a process by which an insurer or insured can limit specific individuals from receiving those benefits. Our Superior Court has explicitly recognized this proposition, stating "that the MVFRL does not contain an exhaustive list of permissible coverage exclusions." *Nationwide Mut. Ins. Co. v. Cummings*, 652 A.2d 1338, 1342 (Pa. Super. 1994) (*citing Marino v. General Acc. Ins. Co*., 610 A.2d 477 (Pa. Super. 1992)).

_____

[2] Christina sought to represent a class of persons who: "(a) were not the named insured on a policy providing first party benefits coverage; (b) were not an insured under a policy providing first party benefits coverage; ( c) were occupants of a vehicle which was involved in a collision in which the individual sustained personal injury; (d) received treatment for injuries sustained in the motor vehicle accident; (e) submitted a claim for recovery of first party benefits to the defendant on the counterclaim, Nationwide; and (f) had their claim for recovery of first party benefits denied by reason of the unlicensed [driver] exclusion in the Nationwide Policy." Answer to Complaint with New Matter and Class Action Counterclaim at 11. In addition, Cristina sought compensatory relief in the form of first-party benefits, interest, attorneys' fees and treble damages.

Trial Court Opinion, 7/14/2022, at 6. The court then went on to state that it "agree[d] with Nationwide that Section 1718 does not preclude an insurer from excluding [first party] benefits for additional reasons," such as for being an unlicensed driver. *Id.* at 8.

The trial court therefore found the unlicensed driver exclusion was valid under the MVFRL and also that it did not violate public policy and granted judgment in favor of Nationwide. The court also denied the motion for partial summary judgment Christina had filed and dismissed her counterclaim with prejudice.

Christina filed a timely notice of appeal. On appeal, Christina does not dispute that the unlicensed driver exclusion, as written, applies to her claim. Rather, Christina continues to contend the exclusion itself is not valid under the MVFRL when an insurer uses that exclusion as a basis for denying first party medical expenses benefits, as Nationwide did here. We agree.

Christina's claim that the unlicensed driver exclusion violates the MVFRL necessarily requires us to interpret the MVFRL and discern the intent of the legislature when enacting the MVFRL. *See Johnson v. Phelan Hallinan and Schmieg, LLP*, 235 A.3d 1092, 1097 (Pa. 2020). Importantly, when doing so, we must first look to the plain language used in the statute and look to the statute as a whole. *See id.* at 1097-1098. Specific to the MVFRL, we note that the underlying objective of the MVFRL is to provide broad coverage to assure the financial integrity of the insured, and therefore, the MVFRL is to be liberally

- 8 -

construed to "afford the greatest possible coverage to injured claimants." *Danko v. Erie Ins. Exchange*, 630 A.2d 1219, 1222 (Pa. Super. 1993).

In making her claim that she is entitled to medical expense coverage here, Christina highlights the fact that the MVFRL specifically mandates that policyholders purchase, and insurers provide coverage for, first party medical expenses for injuries arising from the use of a motor vehicle. To that end, Section 1711 of the MVFRL, entitled "Required benefits," provides:

> **(a) Medical benefit.--**An insurer issuing or delivering liability insurance policies covering any motor vehicle of the type required to be registered under this title, except recreational vehicles not intended for highway use, motorcycles, motor-driven cycles or motorized pedalcycles or like type vehicles, registered and operated in this Commonwealth, shall include coverage providing a medical benefit in the amount of $5,000.

> **(b) Minimum policy**.--All insurers subject to this chapter shall make available for purchase a motor vehicle insurance policy which contains only the minimum requirements of financial responsibility and medical benefits as provided for in this chapter.

75 Pa.C.S.A. § 1711. *See also id.* at § 1713 (clarifying that first party benefits are recoverable for injuries "arising out of the maintenance or use of a motor vehicle").

As Christina points out, the General Assembly made clear from its language in Section 1711 that its intent was undoubtedly to require policyholders to purchase a minimum amount of medical expense coverage for injuries stemming from the use of motor vehicles, while at the same time requiring insurers to cover that amount should a first party claim for medical

expenses be submitted. And insurers must do so, Christina explains, without regard to fault. Such mandatory no-fault first party medical expense coverage, Christina continues, has historically been an inviolate part of Pennsylvania's auto insurance coverage scheme:

> Medical expense coverage is a no-fault coverage mandated by the MVFRL. The Legislature, in first mandating this coverage in 1974 with the enactment of the Pennsylvania No-Fault Motor Vehicle Insurance Act, 40 P.S. 10009.101 *et seq*. (repealed) ("No Fault Act"), recognized the importance of the availability of prompt medical treatment to innocent motor vehicle accident victims without having to await a determination of fault in any tort action.
>
> ***
>
> The repeal of the No-Fault Act and its replacement with the MVFRL kept the system of mandatory no-fault medical benefits coverage intact. The MVFRL, enacted in 1984, and the Act 6 Amendment to that statute in 1990, while reducing the amount of the medical benefit, retained the mandatory no-fault medical coverage benefit as a hallmark of Pennsylvania's system of auto insurance. As currently constructed, [Section 1711 of the] MVFRL mandates the purchase and provision of first party medical benefits.

Appellant's Brief at 10, 15.

By making medical expense coverage mandatory in the MVFRL, the General Assembly chose to treat medical expense coverage different from other first party benefit coverage. To be sure, there are no other first party benefits, other than medical expense coverage, listed as a required benefit in Section 1711. Instead, the following section of the MVFRL, Section 1712, entitled "Availability of benefits," lists other first party benefits related to injury arising out of the use of a motor vehicle that an insurer does not have

to provide coverage for but instead, must make available for policyholders to purchase if they so choose. Those optional benefits include: income loss benefits, accidental death benefits and funeral benefits. **See** 75 Pa.C.S.A. § 1712. Unlike Section 1711, which requires an insurer to provide an identified minimum amount of medical expense benefits coverage in any motor vehicle liability policy it issues, Section 1712 only requires an insurer to provide the option to purchase the first party benefits listed in that section.

Of course, also central to this case is the fact that the MVFRL does identify certain claimants that cannot recover first party benefits.[3] As noted above, Section 1718 provides enumerated grounds on which an insurer must exclude a claimant from recovering first party benefits. There is no dispute that being an unlicensed driver is not one of the permissible grounds included by the General Assembly in Section 1718 for denying first party benefits. The dispute, rather, is whether Section 1718 represents a finite set of permissible exclusions insurers may use to deny first party claims when the claim involves

_____

[3] Section 1714, entitled "Ineligible claimants," is not at issue here but states:

> An owner of a currently registered motor vehicle who does not have financial responsibility or an operator or occupant of a recreational vehicle not intended for highway use, motorcycle, motor-driven cycle, motorized pedalcycle or like type vehicle required to be registered under this title cannot recover first party benefits.

**Id.** at § 1714. Nationwide has never claimed Christina is an "ineligible claimant" under this section.

mandatory medical expense benefits, as Christina contends, or whether, as Nationwide contends, Section 1718 does not represent an exhaustive list of exclusions insurers may invoke to deny a claim for mandatory medical expense benefits.

For her part, Christina argues that we cannot ignore the mandatory nature of medical expense coverage because doing so would necessarily ignore the legislature's clear intent that insurers must provide a minimum amount of medical expense coverage for injuries sustained in a motor vehicle accident. She contends it is this mandatory nature of medical expense coverage that is the lens through which we must view the exclusions set forth in Section 1718. We agree.

The MVFRL mandates that insurers provide first party medical expense coverage for injuries arising from the use of a motor vehicle, such as Christina's. In Section 1718, the legislature set out a list of "limited circumstances where an insurer may exclude persons from the benefits of this mandatory no-fault medical expense coverage." Appellant's Brief at 10. Given the clear intent of the legislature's mandate in the context of medical expense claims, we agree with Christina that the legislature intended that only the exclusions identified in the statute itself can be used as a means of denying the otherwise-mandated coverage for first party medical benefits. Indeed, if we were to permit insurers to add to the statutory list of selected exclusions and allow exclusion after exclusion to bar coverage for medical expenses, the

General Assembly's mandate requiring insurers to pay first party medical expenses for injuries arising out of the use of motor vehicles could simply be diluted to the point where it loses all effect.

Nationwide counters that this conclusion is not supported by Pennsylvania law. It argues the trial court properly found that this Court has previously stated that the list of permissible coverage exclusions contained in the MVFRL is not an exhaustive one. Christina readily acknowledges this, but she emphasizes that such a recognition was in cases involving coverage other than the mandatory first party medical expense benefits at issue here. As such, Christina argues, these cases should not serve as pillars for affirming the validity of an insurer-written exclusion not included in Section 1718's limited list of permissible exclusions but nonetheless invoked to deny mandatory medical expense coverage. Again, we agree.

In concluding Section 1718 does not create an exhaustive list of permissible first party benefit exclusions, the trial court first relied on several cases which upheld the validity of certain exclusions used to deny underinsured/uninsured motorists coverage, despite the fact that those exclusions were not specifically included in the MVFRL. Specifically, the cases cited by the trial court were **Cummings**, **Marino**, and **St. Paul Mercury Ins. Co. v. Corbett**, 630 A.2d 28 (Pa. Super. 1993).

These cases, however, are clearly distinguishable from the instant one. In the first place, these cases involve uninsured and underinsured benefits,

which are waivable by an insured. **See** 75 Pa.C.S.A. § 1731. These cases do not involve first party benefits, much less the non-waivable medical expense benefits insurers are mandated to cover by the MVFRL. **See Burstein v. Prudential Property and Cas. Ins. Co.** 809 A.2d 204, 209 (Pa. 2002) (discussing the MVRFL's differing treatment of first party coverage from uninsured/underinsured coverage). These cases therefore also did not involve the list of exclusions to first party benefits set forth by Section 1718.

The trial court then discussed cases that do involve first party benefit exclusions, and relying on these cases, it concluded that "Pennsylvania courts have routinely upheld a variety of first party benefit exclusions that are not specifically set out [in Section 1718]." Trial Court Opinion, 7/14/2022, at 7. However, none of the cases discussed by the trial court stand for the proposition that exclusions other than those listed in Section 1718 may properly be invoked to deny mandatory medical expense benefits.

In fact, the first two cases cited by the trial court, **Byoung Suk An v. Victoria Fire and Cas. Co.**, 113 A.3d 1283 (Pa. Super. 2015) and **Brosovic v. Nationwide Mut. Ins.**, 841 A.2d 1071 (Pa. Super. 2004), do not discuss first party medical expense benefits at all.

In **Byoung**, the appellant argued that a policy which only covered the named driver of the policy conflicted with the named driver exclusion provided for in Section 1718. This Court flatly rejected this argument, stating that "the 'named driver exclusion' provision contemplated by section 1718(c) and

'named driver only' policies are entirely different creatures." 113 A.3d at 1290. ***Brosovic,*** meanwhile, involved a claim for optional income-loss benefits and the issue in that case was whether a "use for hire" exclusion was unambiguous and applicable to the particular facts of that case. ***See Brosovic***, 841 A.2d at 1073-1074. The case did not mention Section 1718.

The trial court also cited to a third first-party-benefit case, ***Huber v. Erie Ins. Exchange***, 587 A.2d 333 (Pa. Super. 1991), which did involve a claim for first party medical benefits. There, a claimant was denied benefits based on an exclusion in the relevant policy barring benefits when a person sustained an injury loading or unloading a motor vehicle. In addressing the validity of the exclusion, this Court noted that the MVFRL requires that compensable injuries arise "out of the maintenance or use of a motor vehicle." ***Id.*** at 334; ***see also*** 75 Pa. C.S.A. § 1711, § 1713. The Court found this was not true of the claim at hand as there was no causal connection between the motor vehicle and the injury.

In effect, then, ***Huber*** did not implicate the MVFRL's mandate that insurers provide coverage for first party medical expense benefits, as they are only required to do so for injuries arising from the maintenance or use of a motor vehicle. Here, there is no dispute that Christina's injuries arose from the use of a motor vehicle. There is also no dispute that she submitted a claim as an insured under the Policy for first party medical expense benefits, which, as emphasized above, are mandated to be covered under the MVFRL.

Given this mandatory system the legislature constructed for medical expense benefits, we agree that Christina was entitled to coverage for her medical expense claim unless one of the limited exclusions in Section 1718 applied to her claim. Section 1718 does not include an unlicensed driver exclusion, and therefore it is not a valid exclusion upon which Nationwide can rely to refuse coverage for Christina's medical expenses arising from the accident.

We stress that our conclusion is confined to claims for first party medical expense benefits, the only benefits at issue in this case.

Based on the above, we find the trial court erred by granting judgment on the pleadings in favor of Nationwide. We therefore reverse its order doing so, and remand for proceedings consistent with this memorandum.

Order reversed. Matter remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/5/2023